IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MAURICE A. SMITH,

OPINION AND ORDER

           Plaintiff,

11-cv-646-slc[1]

     v.

PAMELA WALLACE and
GARY HAMBLIN,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Pro se plaintiff Maurice Smith has filed a proposed complaint in which he alleges that

defendants Pamela Wallace and Gary Hamblin violated his right to access the courts,

because prison officials (not defendants in this case) confiscated his computer disks

containing legal materials and then retaliated against him when he tried to obtain redress

through the grievance process and the courts.  Plaintiff has made an initial partial payment

of the filing fee under 28 U.S.C. § 1915(b)(1), so I must screen his complaint to determine

whether it states a claim upon which relief may be granted, as required by 28 U.S.C. §§

1915(e)(2) and 1915A.  Having reviewed the complaint, I conclude that petitioner cannot

_____

     [1]For the purposes of this issuing this order, I am assuming jurisdiction over the case.

1

be allowed to proceed at this time, because his complaint suffers from several problems.

For purposes of this screening order, I accept the following allegations as true:

ALLEGATIONS OF FACT

Plaintiff is an inmate at the Columbia Correctional Institution in Portage, Wisconsin, but the events relating to the present lawsuit occurred while he was an inmate at the Chippewa Valley Correctional Treatment Facility.  Before that, he was an inmate at the Felmers O. Chaney Correctional Center, and before that, at the Gordon Correctional Center. Defendant Pamela Wallace is Warden at the Chippewa Valley Correctional Treatment Facility, and defendant Gary Hamblin is Secretary of the Department of Corrections.

Plaintiff's direct appeal from his criminal conviction was in process around the time of his transfer to the Chippewa Facility.  From the state court docket sheets, it appears that plaintiff filed a late response to the no merit report on March 11, 2011.  Nevertheless, on May 2, 2011, the court of appeals decided sua sponte to consider the appeal on the merits and instructed plaintiff not to file any additional documents.

On June 9, 2011, during an initial property inventory following plaintiff's transfer to the Chippewa Valley Facility, the property sergeant discovered twelve computer disks labeled "legal materials" among plaintiff's personal possessions.  The computer disks contained "months of legal research," "legal documents in various stages of development" and

2

"development source templates" or "legal fill in the blank forms." Plaintiff does not give any more specific description of the content of these documents. He purchased the disks from the Felmers O. Chaney Correctional Center and the Gordon Correctional Center. According to plaintiff, those prisons permitted inmates to purchase disks for various uses. The property sergeant confiscated the disks, explaining that he needed to check with security because he did not think plaintiff was permitted to keep computer disks.

A week later, when plaintiff attempted to access Ednet to work on his appellate documents, the librarian informed him that he could not log on because he was under investigation for possession of the disks. Plaintiff filed an interview request with the property department. On June 15, 2011, the department denied his request, explaining that "inmates are not allowed to possess computer disks because it is necessary to be able to visually verify content" and he would be told how to dispose of the disks when the inquiry was complete.

On June 21, 2011, plaintiff filed an offender complaint in which he demanded the return of his disks on the ground that the seizure violated his right of access to the courts and to defend himself pro se under the Sixth Amendment. Dkt. #4, Ex. 1-D. He threatened in the complaint to bring a legal action unless the disks were returned.

On June 22, 2011, Captain Cowan gave plaintiff a conduct report charging him with theft, counterfeit and forgery, misuse of state property and inadequate work or study

performance.  Cowan asked where plaintiff got the disks, and plaintiff replied that he had purchased them from the Department of Corrections at the other institutions in which he had been housed.  When Cowan denied that the department sold computer disks, plaintiff told Cowan that he still had the disbursement receipts.  Plaintiff was ordered to retrieve the receipts and make a list of staff who knew that he possessed the disks.  He did so immediately, but when he returned, another officer informed plaintiff that security would contact him after the investigation.   (Plaintiff attaches to his complaint copies of disbursement receipts for multiple computer disks from the Chaney and Gordon Correctional Centers.)

Plaintiff has attached a copy of the conduct report to his complaint, dkt. #4, Ex. 1-C, which indicates it was completed by a Sergeant Hofkes. The report states that, at the direction of Deputy Warden Nelson, Sergeant Hofkes reviewed the contents of each disk, reading the contents of some of the files.  According to the report, the disks contain legal documents for plaintiff and other inmates, as well as employment cover letters and resumes, time sheets, income spreadsheets and personal letters of plaintiff and other inmates. (The factual basis of the counterfeiting charge in the conduct report is not clear from plaintiff's complaint or the incident description on the conduct report.)

On June 22, 2011, the court of appeals denied plaintiff's direct appeal.  On July 1, 2011, plaintiff filed a petition for writ of habeas corpus with the Wisconsin Court of

4

Appeals, District 1, dkt. #4, Ex. 1F-A, contending that the Department of Corrections and the Chippewa Valley Treatment Facility had violated his constitutional right of access to the courts by confiscating the computer disks with his legal materials, which interfered with his appeals process.

In a July 10, 2011 hearing on the conduct report, the prison hearing officer found plaintiff not guilty of theft or counterfeiting but guilty of misuse of state property and inadequate work or study performance. Dkt. #4, Ex. 1E-A-2. On July 14, 2011, plaintiff filed an appeal with the warden, defendant Pamela Wallace, which she denied on August 4, 2011. Dkt. #4, Ex. 1-F.

 On July 26, 2011, plaintiff filed a motion for reconsideration with the court of appeals regarding its ruling on his direct appeal.

On August 5, 2011, the court of appeals denied the petition for writ of habeas corpus that plaintiff had filed on July 1, 2011. Smith v. Wallace, No. 2011AP1526-W (Wis. Ct. App., Dist. 1 Aug. 5, 2011) (unpublished). The court found plaintiff's petition invalid because it did not include allegations about the circumstances of his confinement as required for habeas corpus petitions by Wis. Stat. § 782.04 and because he failed to exhaust the administrative remedies provided by the internal grievance process. Id. at 2, 3. The court did not reach the merits of the access to courts claim that plaintiff included in his petition.

On August 9, 2011, the court of appeals denied plaintiff's motion for reconsideration

5

of its ruling on his direct appeal, noting only that it was not timely filed because under the court rules it had been due on July 12, 2011.

Sometime after he submitted the habeas petition, plaintiff began receiving "strict scrutiny" from Ms. Parr, his Alcohol and Other Drug Abuse counselor. This scrutiny led to plaintiff's termination from the treatment program and transfer to a medium security facility upon Ms. Parr's recommendation.

OPINION

A. <u>Access to the Courts</u>

Prisoners have a constitutional right to "meaningful access to the courts." <u>Bounds v. Smith</u>, 430 U.S. 817, 821-22 (1977). A claim for access to the courts may be forward-looking, for a lawsuit yet to be litigated, or backward-looking, for a lawsuit or a chance to sue that has already been lost. <u>Christopher v. Harbury</u>, 536 U.S. 403, 413-14 (2002). For backward-looking claims, a plaintiff must show that the defendants caused him to lose a meritorious claim or a chance to sue on a meritorious claim. <u>Id.</u> at 414. To state a claim for backward-looking denial of access to the courts, a plaintiff must at least (1) describe an underlying non-frivolous claim and (2) explain how his ability to file or litigate the claim was lost or impeded. <u>Id.</u> at 415-16.

In this case, plaintiff alleges generally that his computer disks contained legal research

6

and legal documents and that the seizure of the disks impaired his attempt to complete appellate documents, Supreme Court documents and his post conviction remedies.  He contends that, without the research, his attempts and submissions fell short of filing deadlines and that his attempts at judicial remedies were inadequate.  He contends as well that, as warden of the Chippewa Treatment Facility, defendant Wallace is responsible for the policy against computer disks that denied him access to the courts.  In addition, plaintiff alleges that defendant Wallace was aware of his contention that the seizure violated his right of access to the courts, because she reviewed and denied his appeal from the conduct report.

Under Fed. R. Civ. P. 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  In their present state, plaintiff's allegations are too vague to determine whether he has stated a claim for denial of his right to access the courts.  It is not possible to tell how the loss of research or documents impeded him from litigating a particular case.  Although plaintiff filed a late response to the no merit report on his direct appeal, he did this before his disks were seized, and the court of appeals considered his brief on the merits despite the late filing.  Plaintiff was also late in filing for reconsideration of the appellate decision, but he has not explained what arguments he was unable to make in that filing or why he needed the disks to make them.  He has not alleged that he attempted to develop documents for appeal to the Wisconsin Supreme Court or for post conviction relief.

Before plaintiff can proceed on his access to courts claim, he must (1) clarify which appeal or appeals he was unable to pursue without the disks, <u>Christopher</u>, 536 U.S. at 415; (2) identify deadlines that he missed, documents that he was unable to file or arguments that he was unable to develop adequately without the disks, <u>Marshall v. Knight</u>, 445 F.3d 965, 969 (7th Cir. 2006); and (3) identify specific files or information on the disks that he needed to meet his deadlines, file documents or develop arguments. <u>Moore v. Monahan</u>, 428 Fed. Appx. 626, 629 (7th Cir. 2011). Plaintiff should be aware that, either at the motion to dismiss or summary judgment stage, he will also be required to show that his appeal or petition was not frivolous, that is, that his proposed legal arguments had merit.

However, even if plaintiff files an amended complaint, the claim has an additional problem with respect to defendant Hamblin. Hamblin is Secretary of the Department of Corrections, but plaintiff alleges that the policy against computer disks is enforced by the Chippewa Valley Correctional Treatment Facility. According to plaintiff, the Felmers O. Chaney Correctional Center and the Gordon Correctional Center permit prisoners to purchase disks for use in legal research. He does not allege that the Department of Corrections is responsible for the policy or that defendant Hamblin took any action to impede plaintiff's access to the courts. Accordingly, the claim will be dismissed with respect to defendant Hamblin.

## B. Retaliation

Plaintiff further alleges that prison officials retaliated against him for his attempt to "impose a judicial remedy." A prisoner may sue prison officials under 42 U.S.C. § 1983 if they retaliate against him for exercising a constitutional right. Watkins v. Kasper, 599 F.3d 791, 794 (7th Cir. 2010). Plaintiff must plead three elements in order to state a claim for retaliation. He must (1) identify a constitutionally protected activity in which he was engaged; (2) identify one or more retaliatory actions taken by each defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) allege sufficient facts that would make it plausible to infer that plaintiff's protected activity was one of the reasons defendants took the action they did against him. Bridges v. Gilbert, 557 F.3d 541, 556 (7th Cir. 2009) (citing Woodruff v. Mason, 542 F.3d 545, 551 (7th Cir. 2008)); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005).

In addition, plaintiff must establish that one or both of the defendants are personally responsible for the violation of his rights. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). A § 1983 claim cannot rest on a theory of respondeat superior, under which a supervisor would be liable for her subordinate's tortious acts within the scope of the employment, Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691 (1978), or on a theory of negligent or grossly negligent supervision. Jones v. Chicago, 856 F.2d 985, 992 (7th Cir. Ill. 1988). A supervisor is liable for her subordinates' actions only

9

if she knew about the violation and "facilitated, approved, condoned, or turned a blind eye to it." Trentadue v. Redmon, 619 F.3d 648, 652 (7th Cir. 2010).

Plaintiff's complaint identifies two purported instances of retaliation: (1) the conduct report and (2) his termination from the treatment program and transfer to another facility. The conduct report could not be retaliation for what plaintiff describes as his attempt to "seek a judicial remedy," because the conduct report was filed nine days before he filed his habeas petition in the state court of appeals. However, the conduct report was filed more than two weeks after the seizure of the disks and only one day after plaintiff submitted his offender complaint. In addition, plaintiff offered to provide Captain Cowan disbursement receipts showing that he did not steal the disks, but Cowan did not consider this evidence before filing the report. At this early stage, this is sufficient to imply that the conduct report was filed, at least in part, as retaliation for plaintiff's use of the internal grievance process.

However, none of the correctional officers involved in producing the conduct report are defendants in this case. With respect to defendants Wallace and Hamblin, plaintiff alleges only that they have a duty to care for prisoners and protect prisoners' constitutional rights. These allegations are insufficient to hold defendants liable for a retaliatory conduct report filed by correctional officers. Because plaintiff has not alleged that defendants knew about the retaliatory actions or participated in them, his claim for retaliation against defendants Wallace and Hamblin is dismissed without prejudice.

10

Second, plaintiff alleges that Ms. Parr, the counselor for his drug treatment program, retaliated against him by subjecting him to additional scrutiny that resulted in his termination from the program and transfer to a medium security facility.  Except for a vague allegation that her scrutiny was part of a campaign of harassment, plaintiff does not allege that Ms. Parr took any actions in retaliation for the habeas petition.  He alleges no facts that connect her scrutiny to the dispute about the computer disks, his offender complaint or the habeas petition.  Moreover, Ms. Parr is not a defendant in this case and plaintiff's complaint does not contain sufficient allegations to hold defendants Wallace and Hamblin personally liable for her actions.

If plaintiff decides to pursue his retaliation claim, his amended complaint must includes in its caption defendants who personally retaliated against him.  In addition, he must identify specific actions taken by each defendant and factual allegations that justify inferring that the actions were, at least in part, motivated by retaliation.

### D.  Preliminary Injunction

Plaintiff has filed a motion for a temporary restraining order and a preliminary injunction seeking the return of his computer disks.  Dkt. #5.  "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. To obtain such relief, the moving party

11

must first demonstrate that it has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm." <u>River of Life Kingdom Ministries v. Village of Hazel Crest</u>, 585 F.3d 364, 369 (7th Cir. 2009). For the reasons described above, plaintiff has not shown that he is likely to succeed on the merits. His request for a preliminary injunction will be denied without prejudice.

ORDER

IT IS ORDERED that

1. Plaintiff Maurice Smith is DENIED leave to proceed on his access to the courts claim against defendant Gary Hamblin, and the claim is DISMISSED without prejudice for his failure to state a claim under Fed. R. Civ. P. 8.

2. Plaintiff's access to the courts claim against defendant Pamela Wallace is DISMISSED without prejudice for his failure to comply with Fed. R. Civ. P. 8.

3. Plaintiff is DENIED leave to proceed on his retaliation claim, which is DISMISSED without prejudice for his failure to state a claim under Fed. R. Civ. P. 8 against all defendants.

4. Defendant Gary Hamblin is DISMISSED from the case.

5. Plaintiff may have until December 30, 2011, in which to file an amended complaint that addresses the defects in his original complaint. If plaintiff fails to file such

a complaint by December 30, 2011, this case will be dismissed with prejudice for failure to prosecute.

6.  Plaintiff's motion for preliminary injunctive relief, dkt. #5, is DENIED without prejudice.

Entered this 14th day of December, 2011.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge

13